UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

SANDRA JOHNSON, as )
   Administrator of the ESTATE OF )
   RAYMOND L. JOHNSON, Deceased, )
                                                       )
   *Plaintiff* )
                                                       )      Case No. 5:11CV-102-R
                                                       )

CHRISTIAN COUNTY FISCAL COURT )

   Serve: Steve Tribble )
         County Judge Executive )
         505 Weber Street )
         Hopkinsville, Kentucky 42240 )

And )

CHRISTIAN COUNTY JAIL )

   Serve:  Bradley L. Boyd )
         Christian County Jail )
         410 W. 7th Street )
         Hopkinsville, Kentucky 42240 )

And )

BRADLEY L. BOYD, in his individual capacity )
and in his official capacity as Christian )
County Jailer )

   Serve: Bradley L. Boyd )
         Christian County Jail )
         410 W. 7th Street )
         Hopkinsville, Kentucky 42240 )

And )

UNKNOWN STAFF MEMBERS OF )
CHRISTIAN COUNTY JAIL, individually )
and in their capacities as staff members of )
Christian County Jail )
)

```
        Serve: Bradley L. Boyd           )
               Christian County Jail      )
               410 W. 7th Street          )
               Hopkinsville, Kentucky 42240 )
                                          )
And                                       )
                                          )
UKNOWN PHYSICIANS OF CHRISTIAN            )
COUNTY JAIL, individually, and in their   )
capacities as staff members of Christian  )
County Jail                               )
                                          )
        Serve: Bradley L. Boyd            )
               Christian County Jail      )
               410 W. 7th Street          )
               Hopkinsville, Kentucky 42240 )
                                          )
        Defendants                        )
```

## COMPLAINT

*********************

This is an action for violation of civil rights causing the wrongful death of Raymond L. Johnson. The defendants' deliberate indifference to Mr. Johnson's medical needs, and their failure to provide him proper medical care, caused his physical decline, suffering and death.

## PARTIES

1. Plaintiff, SANDRA JOHNSON, is the duly appointed Administratrix of the Estate of Raymond Johnson, ("Mr. Johnson"), Deceased, having been so appointed by Christian County Probate Court, Hopkinsville, Kentucky, on May 16, 2011, in Case No. 11-P-00200.

2. At all times relevant herein, both Plaintiff and Decedent were residents of Christian County, Kentucky.

3. Defendant Christian County Fiscal Court is, and was at all time relevant hereto, the governing body for Christian County, Kentucky, with operation and authority to act within Christian County, Kentucky, under the color of law, and with the capacity to sue and be sued.

2

4. Defendant Christian County Jail (hereinafter "Jail") is, and was at all times relevant hereto, was the governing body in charge of operation and authority of the jail in Christian County, Kentucky, under the color of law, and with the capacity to sue and be sued.

5. Defendant Jailer Bradley L. Boyd is, and was at all times relevant hereto, a public official elected to operate the Christian County Jail with Christian County, Kentucky, and is in charge of the daily operations and management of the Jail.

6. Defendants, Unknown Staff Members of the Christian County Jail, are doctors, nurses, officers, guards, and other staff members employed at the Jail by the Jailer Boyd and/or the Christian County Fiscal Court who mistreated and/or failed to seek medical treatment for Mr. Johnson while he was an inmate at the Jail.

7. Defendants, Unknown Physician(s) of the Christian County Jail, either by independent contract or otherwise, rendered improper medical treatment or failed to render medical treatment to Mr. Johnson while he was an inmate at the Jail.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action because it arises and is instituted pursuant to under the United States Constitution, particularly under the provisions of the Fourth Amendment of the United States, and under federal law, particularly the Civil Rights Act, 42 U.S.C. § 1983.  Jurisdiction is proper in this Court pursuant to Title 28 of the United States Code, § 1331 and § 1343.

9. The Court has venue over this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims at issue took place in this district, and because the defendants have their principal offices in this district.

## FACTS

10.     Defendant Christian County Fiscal Court has established a jail in Hopkinsville, Kentucky.  The jail is used to house pre-trial detainees and misdemeanor offenders.

11.     The Fiscal Court and Boyd are responsible for establishing policies to house and care for prisoners safely.  They are further responsible ensuring that employees follow the policies, and for training their employees to care for prisoners, and to recognize and provide appropriate medical care to prisoners.

12.     On or about August 6, 2009, Hopkinsville Police Department arrested Mr. Johnson on a outstanding felony warrant issued by Christian County Court for Burglary 2nd degree, Arson 1st degree, and Wanton Endangerment, 1st degree, and transported him to the Jail.

13.     At all times relevant herein, Mr. Johnson remained in the care, custody and control of Christian County Jail and its officers, doctors and staff.

14.     During the booking process at the Jail, Mr. Johnson advised the Jail's staff that he had a serious medical condition, specifically, Crohn's disease; that we was taking several prescription medications that he needed to continue to take; and that he had recently been hospitalized for kidney stones.

15.     While an inmate at the Jail, and while in the care, custody, and control of the Jail and its officers, doctors and staff, Mr. Johnson began exhibiting clear and obvious signs and symptoms of complications with his medical conditions.

16.   During the course of Mr. Johnson's stay at the Jail, his physical and medical condition deteriorated dramatically.

17. The Jail and its officers, jailer, doctors and staff acted with deliberate indifference to Mr. Johnson's medical needs, and they failed to take the necessary and appropriate steps to treat Mr. Johnson's physical and medical condition.

18. On or about June 4, 2010, after several days of Mr. Johnson complaining of chest pains, difficulty breathing, nausea, vomiting blood, and abdominal pain, he was finally transported to Jennie Stuart Medical Center where he was admitted and later died on June 15, 2010, from complications of his untreated medical conditions while in care, custody and control of the Jail and its officers, doctors and staff.

Count I
Violation of 42 U.S.C. § 1983

19. The plaintiff realleges the facts set forth in paragraphs 1-18 above as fully set forth below.

20. Defendant Christian County Fiscal Court, Defendant Christian County Jail, Defendant Jailer Bradley Boyd, Unknown Defendant Staff Members, and Unknown Defendant Physicians of Christian County Jail, acting individually, and in their capacities as employees and agents of Defendant Christian County Fiscal Court, Christian County Jail, and Jailer Boyd, intentionally, willfully, wantonly grossly and recklessly violated Mr. Johnson's constitutional rights, including but not limited to the right to be free from cruel and unusual punishment, the right to liberty and substantive due process, and other rights guaranteed by both the United States Constitution and the Constitution of the Commonwealth of Kentucky, by acting with deliberate indifference to Mr. Johnson's right to receive necessary medical treatment for his emergency medical condition.

21. The defendants committed these acts while Mr. Johnson was an inmate and in the care, custody, and control of the Defendants, Jailer Boyd and his staff, while acting under color of

law, acted with deliberate indifference to the clearly established rights of Mr. Johnson to receive necessary medical treatment for his symptoms, which symptoms were so obvious that even persons without medical training could ascertain their nature and seriousness.

22. Defendants Christian County Fiscal Court, Christian County Jail, and Jailer Boyd failed to establish policies to ensure that prisoners needing medical attention would receive proper care.

23. Defendants Christian County Fiscal Court, Christian County Jail, and Jailer Boyd failed to train employees to care properly for prisoners with serious medical conditions or medical problems.

24. As a direct, proximate, and foreseeable result of the constitutional and statutory violations by Defendant Christian County Fiscal Court, Defendant Christian County Jail, Defendant Jailer Boyd, and other Unknown Defendant Staff Members of Christian County Jail, and Unknown Defendant Physicians at Christian County Jail, individually and/or collectively, Mr. Johnson suffered conscious pain and suffering, wrongful death, and the destruction of his ability to earn wages, and he should be compensated in an amount to be determined at trial.

25. All the Defendants owed Mr. Johnson the duty to not act in a wanton, willful, outrageous, grossly negligent, reckless, or intentionally harmful and deliberate manner without regard for the value of human life. Because they breached these duties, the plaintiff is entitled to punitive damages.

## Count II
## Negligence

26. The plaintiff realleges the facts set forth in paragraphs 1-25 above as fully set forth below.

27. The defendants owed a duty of care to Mr. Johnson to use reasonable care in providing a safe place for prisoners to be incarcerated, and to provide sufficient and adequate medical treatment and are.

28. Defendants breached their duties and responsibilities owed to Mr. Johnson as set forth herein.

29. Defendant Jailer Boyd, Defendant Christian County Jail, and Defendant Christian County Fiscal Court, knew or should have known that staff members responsible for providing appropriate medical care to Mr. Johnson and the other inmates was woefully inadequate. In spite of this knowledge, Defendant Jailer Boyd, Defendant Christian County Jail, and Defendant Christian County Fiscal Court, failed to properly train and supervise their employees and staff and failed to enact policies and procedures which would provide appropriate medical training for the Jail's staff.

30. In connection with Mr. Johnson's medical condition, illness, and death, Unknown Defendant Physicians at Christian County Jail and the Unknown Defendant Staff Members of Christian County Jail, were each employed by or were otherwise the agents of Defendant Christian County Fiscal Court, Defendant Christian County Jail and/or Jailer Boyd.

31. Mr. Johnson was reasonably entitled to look to Defendant Christian County Fiscal Court, Defendant Christian County Jail, and/or Defendant Jailer Boyd for proper treatment of his medical condition and to hold said Defendants responsible for any negligence on the part of Unknown Physicians at Christian County Jail and/or the Unknown Defendant Staff Members of Christian County Jail.

32. Defendants, and each of them, in rendering medical services to Mr. Johnson, failed to exercise that degree of care and skill expected of reasonably competent medical providers in the same class to which each Defendant belongs, acting under the same or similar circumstances.

33. Defendant Christian County Fiscal Court, by and through its subdivisions, employees and/or agents, Defendant Christian County Jail, Defendant Jailer Boyd, and Unknown Defendant Staff Members of Christian County Jail, are vicariously liable under the theory of Respondeat Superior for those individual defendants' intentional, reckless, and negligent acts performed during the course of and within the scope of their employment due to the fact that, at all relevant times, Defendant Christian County Fiscal Court employed said Defendants. Additionally, said Defendants are individually liable for their own intentional, reckless, and negligent actions to Mr. Johnson heretofore mentioned.

34. Defendant Christian County Fiscal Court failed to adequately supervise the actions and conduct of its agents and/or employees under its charge, Defendant Christian County Jail, Defendant Jailer Boyd, Unknown Defendant Physicians at Christian County Jail, as well as Unknown Defendant Staff Members of Christian County Jail in the facilities owned, operated, and/or controlled by Defendant Christian County Fiscal Court and/or Defendant Christian County Jail and is therefore liable to Plaintiff for the injuries and wrongful death suffered by Mr. Johnson.

35. Defendant Christian County Jail failed to adequately supervise the actions and conduct of its agents and/or employees under its charge, Defendant Jailer Boyd, Unknown Defendant Physicians at Christian County Jail, as well as Unknown Defendant Staff Members, in the facilities owned, operated, and/or controlled by Defendant Christian County Fiscal Court and/or Defendant Christian County Jail and is therefore liable to Plaintiff for the injuries and wrongful death suffered by Mr. Johnson.

36. Defendant Jailer Boyd failed to adequately supervise the actions and conduct of his agents and/or employees under his charge, including Unknown Defendant Staff Members of the Christian County Jail, including Unknown Defendant Physicians at Christian County Jail, in the facilities owned, operated, and/or controlled by Defendant Christian County Fiscal Court and/or

Defendant Christian County Jail and is therefore liable to Plaintiff for the injuries and wrongful death suffered by Mr. Johnson.

37. Unknown Defendant Staff Members of the Christian County Jail or other deputy jailers present also failed to adequately supervise the actions and conduct of its lower-tiered employees within the organization chain of command in place at the detention facility and report serious and life-threatening medical conditions to their supervisors and/or Defendant Jailer Boyd, the head jailer at the detention facility, and are therefore liable to Plaintiff for the injuries and wrongful death suffered by Mr. Johnson.

38. As a direct, proximate, and foreseeable result of the constitutional and statutory violations by Defendant Christian County Fiscal Court, Defendant Christian County Jail, Defendant Jailer Boyd, and other Unknown Defendant Staff Members of Christian County Jail, and Unknown Defendant Physicians at Christian County Jail, individually and/or collectively, Mr. Johnson suffered conscious pain and suffering, wrongful death, and the destruction of his ability to earn wages, and he should be compensated in an amount to be determined at trial.

39. All the Defendants owed Mr. Johnson the duty to not act in a wanton, willful, outrageous, grossly negligent, reckless, or intentionally harmful and deliberate manner without regard for the value of human life.  Because they breached these duties, the plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against the Defendants, jointly and severally, and granting the following relief:

      a.      That Plaintiff be awarded compensation for damages resulting from the Defendants' conduct in an amount to be determined by a jury sitting in the trial of these proceedings; and

      b.      That Plaintiff be awarded punitive damages in an amount to be determined by a jury sitting in the trial of these proceedings; and

      c.      That Plaintiff be awarded court costs and reasonable litigation costs, including attorney and expert witness fees; and

      d.      That Plaintiff be awarded pre- and post-judgment interest on any damage awards; and

      e.      Any and all other relief, at law or in equity, as the Court deems just and appropriate.

Respectfully submitted,

/s/Steven S. Reed
Steven S. Reed
Kent Wicker
REED WICKER PLLC
2100 Waterfront Plaza
321 West Main Street
Louisville, Kentucky  40202
(502) 572-2500

*Counsel for the Plaintiff*