## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

| | |
|---|---|
| SANDRA JOHNSON, as )<br>   Administrator of the ESTATE OF )<br>   RAYMOND L. JOHNSON, Deceased, )<br>   )<br>   *Plaintiff* )<br>   ) | Case No.  5:11-cv-102-TBR |
| )<br>CHRISTIAN COUNTY FISCAL COURT )<br>   )<br>   Serve: Steve Tribble )<br>        County Judge Executive )<br>        505 Weber Street )<br>        Hopkinsville, Kentucky 42240 )<br>   ) | *filed electronically* |
| And )<br>   )<br>CHRISTIAN COUNTY JAIL )<br>   )<br>   Serve:  Bradley L. Boyd )<br>         Christian County Jail )<br>         410 W. 7th Street )<br>         Hopkinsville, Kentucky 42240 )<br>   )<br> And )<br>   )<br>BRADLEY L. BOYD, in his individual capacity )<br>and in his policy making capacity as Christian )<br>County Jailer )<br>   )<br>   Serve: Bradley L. Boyd )<br>        Christian County Jail )<br>        410 W. 7th Street )<br>        Hopkinsville, Kentucky 42240 )<br>   )<br>And )<br>   )<br>UNKNOWN STAFF MEMBERS OF )<br>CHRISTIAN COUNTY JAIL, individually )<br>and in their capacities as staff members of )<br>Christian County Jail )<br>   ) | |

```
       Serve: Bradley L. Boyd              )
              Christian County Jail        )
              410 W. 7th Street             )
              Hopkinsville, Kentucky 42240 )
                                            )
And                                         )
                                            )
UKNOWN PHYSICIANS OF CHRISTIAN              )
COUNTY JAIL, individually, and in their     )
capacities as staff members of Christian    )
County Jail                                 )
                                            )
       Serve: Bradley L. Boyd              )
              Christian County Jail        )
              410 W. 7th Street             )
              Hopkinsville, Kentucky 42240 )
                                            )
              Defendants.                   )
```

## FIRST AMENDED COMPLAINT

*********************

This is an action for violation of civil rights causing the wrongful death of Raymond L. Johnson.  The defendants' deliberate indifference to Mr. Johnson's medical needs, and their failure to provide him proper medical care, caused his physical decline, suffering and death.

## PARTIES

1. Plaintiff, SANDRA JOHNSON, is the duly appointed Administratrix of the Estate of Raymond Johnson, ("Mr. Johnson"), Deceased, having been so appointed by Christian County Probate Court, Hopkinsville, Kentucky, on May 16, 2011, in Case No. 11-P-00200.

2. At all times relevant herein, both Plaintiff and Decedent were residents of Christian County, Kentucky.

3. Defendant Christian County Fiscal Court is, and was at all time relevant hereto, the governing body for Christian County, Kentucky, with operation and authority to act within Christian County, Kentucky, under the color of law, and with the capacity to sue and be sued.

4. Defendant Christian County Jail (hereinafter "Jail") is, and was at all times relevant hereto, was the governing body in charge of operation and authority of the jail in Christian County, Kentucky, under the color of law, and with the capacity to sue and be sued.

5. Defendant Jailer Bradley L. Boyd is, and was at all times relevant hereto, a public official elected to operate the Jail in Christian County, Kentucky, and was acting under color of law in his individual and/or official capacity as Jailer of the Jail, and as such had the responsibility of establishing, creating and implementing policies as well as hiring, training, and supervising the officers and employees of the Jail.

6. Defendants, Unknown Staff Members of the Christian County Jail, are doctors, nurses, officers, guards, and other staff members employed at the Jail by Jailer Boyd and/or the Christian County Fiscal Court who failed to provide access to adequate medical care and/or failed to seek medical treatment for Mr. Johnson while he was an inmate at the Jail.

7. Defendants, Unknown Physician(s) of the Christian County Jail, either by independent contract or otherwise, rendered improper medical treatment or failed to render medical treatment to Mr. Johnson while he was an inmate at the Jail.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action because it arises and is instituted pursuant to under the United States Constitution, particularly under the provisions of the Fourth Amendment of the United States, and under federal law, particularly the Civil Rights Act, 42 U.S.C. § 1983. Jurisdiction is proper in this Court pursuant to Title 28 of the United States

Code, § 1331 and § 1343.

9. The Court has venue over this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims at issue took place in this district, and because the defendants have their principal offices in this district.

**FACTS**

10. Defendant Christian County Fiscal Court has established a jail in Hopkinsville, Kentucky. The jail is used to house pre-trial detainees and misdemeanor offenders.

11. The Fiscal Court and Boyd are responsible for establishing policies to house and care for prisoners safely. They are further responsible ensuring that employees follow the policies, and for training their employees to care for prisoners, and to recognize and provide appropriate medical care to prisoners.

12. The Fiscal Court and Boyd knowingly failed to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such person after their employment, and/or to promulgate appropriate policies and procedures either formally or by custom to protect the constitutional rights of inmates of the Christian County Jail.

13. On or about August 6, 2009, Hopkinsville Police Department arrested Mr. Johnson on an outstanding felony warrant issued by Christian County Court for Burglary 2nd degree, Arson 1st degree, and Wanton Endangerment, 1st degree, and transported him to the Jail.

14. At all times relevant herein, Mr. Johnson remained in the care, custody and control of the Jail and its officers, doctors and staff.

15. During the booking process at the Jail, Mr. Johnson advised the Jail's staff that he

had a serious medical condition, specifically, Crohn's disease; that he was taking several prescription medications that he needed to continue to take; and that he had recently been hospitalized for kidney stones.

16. While an inmate at the Jail, and while in the care, custody, and control of the Jail and its officers, doctors and staff, Mr. Johnson began exhibiting clear and obvious signs and symptoms of complications with his medical conditions.

17. During the course of Mr. Johnson's stay at the Jail, his physical and medical condition deteriorated dramatically.

18. The Jail and its officers, jailer, doctors and staff acted with deliberate indifference to Mr. Johnson's medical needs, and they failed to take the necessary and appropriate steps to treat Mr. Johnson's physical and medical condition.

19. On or about September 22, 2009, Mr. Johnson wrote to Boyd complaining about not receiving his medications.

20. On November 19, 2009, Mr. Johnson wrote a note indicating he was placed in disciplinary segregation because he was sick and that the Jail nurse would not see him or let him see a doctor. Mr. Johnson also indicated in a note on November 20, 3009, that he told Jail staff that he needed to go to the emergency room but no one did anything.

21. On January 27, 2010, Mr. Johnson wrote a note advising that this blood pressure was up and nobody was doing anything. He again wrote Boyd on or about February 8, 2010, saying that he had been trying to see Boyd for over three months to talk to Boyd about being sick.

22. On or about March 2, 2010, Mr. Johnson began experiencing chest pains and notified medical staff. On March 16, 2010, Mr. Johnson later complained about his hands drawing up and going numb to medical staff. He again complained of chest pains and muscle

5

cramps on April 14, 2010, May 17, 2010, May 18, 2010, and May 20, 2010. Mr. Johnson was finally transported to Jennie Stuart Medical Center on May 25, 2010, after being found lying on the ground in vomit, with an overall poor appearance, and complaints of muscle cramps, nausea, diarrhea, for several days. He was admitted and treated at Jennie Stuart Medical Center for dehydration, low potassium, and food poisoning until May 28, 2010, when he was returned to the Jail.

23. On or about June 4, 2010, after days of Mr. Johnson complaining of chest pains, difficulty breathing, nausea, vomiting blood, and abdominal pain, he was finally transported to Jennie Stuart Medical Center where he was admitted and later died on June 15, 2010, from complications of his untreated medical conditions while in care, custody and control of the Jail and its officers, doctors and staff.

### Count I
### Violation of 42 U.S.C. § 1983

24. The plaintiff realleges the facts set forth in paragraphs 1-23 above as fully set forth below.

25. Defendant Christian County Fiscal Court, Defendant Christian County Jail, Defendant Jailer Bradley Boyd, Unknown Defendant Staff Members, and Unknown Defendant Physicians of Christian County Jail, acting individually, and in their capacities as employees and agents of Defendant Christian County Fiscal Court, Christian County Jail, and Jailer Boyd, intentionally, willfully, deliberately, wantonly, grossly, and recklessly violated Mr. Johnson's constitutional rights, including but not limited to the right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment, the right under the Fifth and Fourteenth Amendments to liberty and substantive due process, and other rights guaranteed

6

by both the United States Constitution and the Constitution of the Commonwealth of Kentucky, by acting with deliberate indifference to Mr. Johnson's right to receive necessary medical treatment for his emergency medical condition.

26. The Defendants' mistreatment of Mr. Johnson was not unusual, but was part of a continuing pattern of the Defendants of willfully and deliberately ignoring the medical needs of inmates of the Jail. Such conduct is the result of policies, customs and practices of the Christian County Fiscal Court, Boyd, the Jail, and its employees, either written or unwritten, that are systematically applied to all persons who, through no fault of their own, exhibit medical conditions or problems while incarcerated at the Christian County Jail.

27. In fact, Mr. Johnson's death is only one of at least ten inmates who have died in recent years while in custody at Christian County Jail. One inmate, Robbie Jenkins, died on January 13, 2004, from complications of pneumonia after having been arrested and transported to Christian County Jail on January 1, 2004. Jenkins fell ill to what she believed was a chest cold and advised jail personnel about her illness and that she was having difficulty breathing. Instead of seeking medical attention for Jenkins, jail personnel put her in segregation and denied her medical care. Jenkins condition deteriorated in such way that fellow inmates repeatedly called upon jail personnel to get medical care for Jenkins. Jail personnel observed Jenkins having difficulty breathing and were advised by Jenkins' fellow inmate that Jenkins had been crying for help and was unable to get out of bed. Again, jail personnel transferred Jenkins to a separate cell for medical watch and failed to seek medical care for Jenkins. It was only after observing Jenkins lying on a mat for over several hours did jail personnel finally seek medical care and transferred her to Jennie Stuart Medical Center for treatment on January 12, 2004. By that time, Jenkins condition had deteriorated to such a degree that she began to suffer from multiple organ failure and subsequently died.

28. On another occasion, in or about December 2008, Robert Kendrick, an inmate with known and documented mental health issues died while in the custody of Christian County Jail after being denied medication for treatment of his mental illness for over three weeks.

29. A number of other inmates, denied appropriate treatment of their depression and other mental illnesses, have committed suicide while in Christian County Jail. Those inmates included Michael Robinson, who died from suicide on May 26, 2002, and Tony Cornelius, who died on August 4, 2007.

30. Another inmate, Terry Weatherford, died on August 4, 2007, from a ruptured artery while in the restricted custody center at the Jail.

31. Another inmate, Lawrence Singleton, died of a heart attack on May 24, 2005, while in custody at the Christian County Jail.

32. Another inmate, Corey Forte, died on November 28, 2007, from unspecified causes while in custody at the Christian County Jail.

33. Another inmate, Peter Hartman, died on January 13, 2009, while in custody at Christian County Jail.

34. Another inmate, William Jay Bowling, died on June 16, 2011, of cardiac arrest while in custody at the Christian County Jail.

35. In addition to above-listed deaths, inmates have been denied access to medical care and/or treatment and have suffered further injury as a result. For example, in August 2009, Damon Poindexter, an inmate at Christian County Jail, was denied access to a medical doctor for 10 days after repeated requests and complaints about a pain and swelling in his ankle to Jail employees and medical staff. On September 1, 2009, doctors informed the inmate that he had a torn Achilles tendon that required surgery and scheduled surgery for September 4, 2009.

However, jail personnel denied the request for the inmate's surgery and released him from custody to avoid paying for the necessary surgery to repair the torn Achilles tendon.

36. Such practices constitute an arbitrary use of government power, and evidence a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and constitutional and common law rights of inmates at the Christian County Jail, including Mr. Johnson, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

37. The defendants committed these acts while Mr. Johnson was an inmate and in the care, custody, and control of the Defendants, Jailer Boyd and his staff, while acting under color of law, acted with deliberate indifference to the clearly established rights of Mr. Johnson to receive necessary medical treatment for his symptoms, which symptoms were so obvious that even persons without medical training could ascertain their nature and seriousness.

38. Defendants Christian County Fiscal Court, Christian County Jail, and Jailer Boyd maintained, at the relevant times, oversight responsibility for, and personal involvement in, the training, hiring, screening, instruction, supervision and discipline of unknown staff member defendants of the Christian County Jail, who deprived Mr. Johnson of his constitutional rights.

39. Defendants Christian County Fiscal Court, Christian County Jail, and Jailer Boyd knew or should have known that their unknown staff member defendants failed to provide adequate medical care and/or denied access to medical care, and deprived inmates, including but not limited to Mr. Johnson due process of law, and authorized, approved, encouraged, and/or directly participated in all of these unconstitutional practices.

40. Specifically, Defendants Christian County Fiscal Court, Christian County Jail, and Jailer Boyd by deliberately, recklessly, and with gross negligence failing to supervise their unknown staff member defendants, and authorizing, approving, facilitating, or directly

9

participating in their unknown staff member defendants' mistreatment of Mr. Johnson, caused their unknown staff member defendants to subject Mr. Johnson to cruel and unusual punishment and ultimately deprivation of his life without due process of law.

41. Moreover, the unknown staff member defendants acted with impunity in an environment in which they were not supervised, or disciplined by Defendants Christian County Fiscal Court, Christian County Jail, and Jailer Boyd, and in which they knew that their violations of Mr. Johnson's constitutional rights would be encouraged, authorized, approved, and/or facilitated by the defendants Christian County Fiscal Court, Christian County Jail, and Jailer Boyd.

42. In this way, the defendants acted pursuant to a policy and custom of deliberate indifference to the medical needs of inmates, as those terms are used in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The execution of that policy caused the plaintiff's injury and death.

43. As a direct, proximate, and foreseeable result of the constitutional and statutory violations by Defendant Christian County Fiscal Court, Defendant Christian County Jail, Defendant Jailer Boyd, and other Unknown Defendant Staff Members of Christian County Jail, and Unknown Defendant Physicians at Christian County Jail, individually and/or collectively, Mr. Johnson suffered conscious pain and suffering, wrongful death, and the destruction of his ability to earn wages, and he should be compensated in an amount to be determined at trial.

44. All the Defendants owed Mr. Johnson the duty to not act in a wanton, willful, outrageous, grossly negligent, reckless, or intentionally harmful and deliberate manner without regard for the value of human life. Because they breached these duties, the plaintiff is entitled to punitive damages.

## Count II
### Negligence

45. The plaintiff realleges the facts set forth in paragraphs 1-44 above as fully set forth below.

46. The defendants owed a duty of care to Mr. Johnson to use reasonable care in providing a safe place for prisoners to be incarcerated, and to provide sufficient and adequate medical treatment and are.

47. Defendants breached their duties and responsibilities owed to Mr. Johnson as set forth herein.

48. Defendant Jailer Boyd, Defendant Christian County Jail, and Defendant Christian County Fiscal Court, knew or should have known that staff members responsible for providing appropriate medical care to Mr. Johnson and the other inmates was woefully inadequate. In spite of this knowledge, Defendant Jailer Boyd, Defendant Christian County Jail, and Defendant Christian County Fiscal Court, failed to properly train and supervise their employees and staff and failed to enact policies and procedures which would provide appropriate medical training for the Jail's staff.

49. In connection with Mr. Johnson's medical condition, illness, and death, Unknown Defendant Physicians at Christian County Jail and the Unknown Defendant Staff Members of Christian County Jail, were each employed by or were otherwise the agents of Defendant Christian County Fiscal Court, Defendant Christian County Jail and/or Jailer Boyd.

50. Mr. Johnson was reasonably entitled to look to Defendant Christian County Fiscal Court, Defendant Christian County Jail, and/or Defendant Jailer Boyd for proper treatment of his medical condition and to hold said Defendants responsible for any negligence on the part of Unknown Physicians at Christian County Jail and/or the Unknown Defendant Staff Members of

Christian County Jail.

51. Defendants, and each of them, in rendering medical services to Mr. Johnson, failed to exercise that degree of care and skill expected of reasonably competent medical providers in the same class to which each Defendant belongs, acting under the same or similar circumstances.

52. Defendant Christian County Fiscal Court, by and through its subdivisions, employees and/or agents, Defendant Christian County Jail, Defendant Jailer Boyd, and Unknown Defendant Staff Members of Christian County Jail, are vicariously liable under the theory of Respondeat Superior for those individual defendants' intentional, reckless, and negligent acts performed during the course of and within the scope of their employment due to the fact that, at all relevant times, Defendant Christian County Fiscal Court employed said Defendants. Additionally, said Defendants are individually liable for their own intentional, reckless, and negligent actions to Mr. Johnson heretofore mentioned.

53. Defendant Christian County Fiscal Court failed to adequately supervise the actions and conduct of its agents and/or employees under its charge, Defendant Christian County Jail, Defendant Jailer Boyd, Unknown Defendant Physicians at Christian County Jail, as well as Unknown Defendant Staff Members of Christian County Jail in the facilities owned, operated, and/or controlled by Defendant Christian County Fiscal Court and/or Defendant Christian County Jail and is therefore liable to Plaintiff for the injuries and wrongful death suffered by Mr. Johnson.

54. Defendant Christian County Jail failed to adequately supervise the actions and conduct of its agents and/or employees under its charge, Defendant Jailer Boyd, Unknown Defendant Physicians at Christian County Jail, as well as Unknown Defendant Staff Members, in the facilities owned, operated, and/or controlled by Defendant Christian County Fiscal Court and/or Defendant Christian County Jail and is therefore liable to Plaintiff for the injuries and wrongful death suffered by Mr. Johnson.

55. Defendant Jailer Boyd failed to adequately supervise the actions and conduct of his agents and/or employees under his charge, including Unknown Defendant Staff Members of the Christian County Jail, including Unknown Defendant Physicians at Christian County Jail, in the facilities owned, operated, and/or controlled by Defendant Christian County Fiscal Court and/or Defendant Christian County Jail and is therefore liable to Plaintiff for the injuries and wrongful death suffered by Mr. Johnson.

56. Unknown Defendant Staff Members of the Christian County Jail or other deputy jailers present also failed to adequately supervise the actions and conduct of its lower-tiered employees within the organization chain of command in place at the detention facility and report serious and life-threatening medical conditions to their supervisors and/or Defendant Jailer Boyd, the head jailer at the detention facility, and are therefore liable to Plaintiff for the injuries and wrongful death suffered by Mr. Johnson.

57. As a direct, proximate, and foreseeable result of the constitutional and statutory violations by Defendant Christian County Fiscal Court, Defendant Christian County Jail, Defendant Jailer Boyd, and other Unknown Defendant Staff Members of Christian County Jail, and Unknown Defendant Physicians at Christian County Jail, individually and/or collectively, Mr. Johnson suffered conscious pain and suffering, wrongful death, and the destruction of his ability to earn wages, and he should be compensated in an amount to be determined at trial.

58. All the Defendants owed Mr. Johnson the duty to not act in a wanton, willful, outrageous, grossly negligent, reckless, or intentionally harmful and deliberate manner without regard for the value of human life. Because they breached these duties, the plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against the Defendants, jointly and severally, and granting the following relief:

a. That Plaintiff be awarded compensation for damages resulting from the Defendants' conduct in an amount to be determined by a jury sitting in the trial of these proceedings; and

b. That Plaintiff be awarded punitive damages in an amount to be determined by a jury sitting in the trial of these proceedings; and

c. That Plaintiff be awarded court costs and reasonable litigation costs, including attorney and expert witness fees; and

d. That Plaintiff be awarded pre- and post-judgment interest on any damage awards; and

e. Any and all other relief, at law or in equity, as the Court deems just and appropriate.

Respectfully submitted,

/s/Kent Wicker
Steven S. Reed
Kent Wicker
REED WICKER PLLC
2100 Waterfront Plaza
321 West Main Street
Louisville, Kentucky  40202
(502) 572-2500

*Counsel for the Plaintiff*

## Certificate of Service

I hereby certify that a copy of the foregoing has been served upon all parties by operation of the Court's ECF System, this 6th day of July, 2011.

/s/Kent Wicker
Kent Wicker