UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

SANDRA JOHNSON,  )
as Administrator of the  )
ESTATE OF RAYMOND L. JOHNSON,  )
deceased,  )
  )
        Plaintiff,  )
  )
v.  )  Civil Action No. 5:11CV-102-R
  )
CHRISTIAN COUNTY FISCAL COURT,  )
and CHRISTIAN COUNTY JAIL, and  )
BRADLEY L. BOYD, in his individual  )
capacity and in his official capacity as  )  Electronically filed
Christian County Jailer, and  )
UNKNOWN STAFF MEMBERS OF  )
CHRISTIAN COUNTY JAIL, individually  )
and in their capacities as staff members of  )
the Christian County Jail, and  )
UNKNOWN PHYSICIANS OF CHRISTIAN  )
COUNTY JAIL, individually and in their  )
capacity as staff members of the Christian  )
County Jail  )
  )
        Defendants.  )

**ANSWER**

    Come the Defendants, Christian County Fiscal Court, Bradley L. Boyd, individually and in his official capacity as Christian County Jailer and the unknown staff members of the Christian County Jail, without waiving the necessity of identifying those staff members and the Plaintiff amended her Complaint and for their Answer to the Complaint and the Amended Complaint (all paragraph references herein are to paragraphs of the Amended Complaint) state:

    1. These Defendants admit Paragraph 1 of the Plaintiff's Complaint.

2. These Defendants are without sufficient knowledge, information, or belief to admit or deny that, at all times relevant herein, both Plaintiff and Decedent were residents of Christian County, Kentucky, and therefore deny same.

3. These Defendants admit Paragraph 3 of the Plaintiff's Complaint.

4. These Defendants deny Paragraph 4 of the Plaintiff's Complaint.  Defendant Christian County Jail is not a legal entity.

5. These Defendants admit Paragraph 5 of the Plaintiff's Complaint insofar as it alleges that Defendant Jailer Bradley L. Boyd is, and was at all times relevant hereto, a public official, and the duly elected Christian County Jailer, and has various duties including hiring, training, and supervising officers and employees of the jail and establishing, creating, and implementing policies.  These Defendants are without sufficient knowledge, information, or belief to admit or deny the remaining allegations of Paragraph 5, and therefore deny same.

6. These Defendants deny Paragraphs 6 and 7 of the Plaintiff's Complaint.

7. These Defendants are without sufficient knowledge, information, or belief to admit or deny Paragraphs 8 and 9 of the Plaintiff's Complaint, and therefore deny same.

8. These Defendants admit Paragraphs 10 and 11 of the Plaintiff's Complaint.

9. These Defendants deny Paragraph 12 of the Plaintiff's Complaint

10. These Defendants admit Paragraphs 13 and 14 of the Plaintiff's Complaint.

11. These Defendants admit the allegations in Paragraph 15 of the Plaintiff's Complaint insofar as the Plaintiff alleges that Mr. Johnson notified jail staff during the booking process of a medical condition and that he was taking prescription medication.

These Defendants are without sufficient knowledge, information, or belief to admit or deny the remaining allegations of Paragraph 15, and therefore deny same.

12.  These Defendants deny Paragraphs 16, 17, and 18 of the Plaintiff's Complaint.

13.  These Defendants are without sufficient knowledge, information, or belief to admit or deny Paragraphs 19, 20, 21, and 22 of the Plaintiff's Complaint, and therefore deny same.

14.  These Defendants deny Paragraph 23 of Plaintiff's Complaint.

15.  These Defendants deny Paragraphs 25, 26, 27, 28, and 29 of Plaintiff's Complaint; however, these Defendants admit the named individuals were at times inmates but specifically deny Plaintiff's conclusions relative to the care received by them.

16.  These Defendants are without sufficient knowledge, information, or belief to admit or deny Paragraphs 30, 31, 32, 33, and 34 of the Plaintiff's Complaint, and therefore deny same.

17.  These Defendants deny Paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44 of the Plaintiff's Complaint.

18.  These Defendants are not able to wholly admit or deny Paragraph 46 of the Plaintiff's Complaint.  These Defendants attempt to provide health care comparable to that available to citizens in the surrounding community.  These Defendants affirmatively state that no employee of the Christian County Jail acted with deliberate indifference toward the Plaintiff's decedent's medical needs or safety.

19.  These Defendants deny Paragraphs 47 and 48 of the Plaintiff's Complaint.

20.  These Defendants admit Paragraph 49 of the Plaintiff's Complaint.

21. These Defendants deny Paragraphs 50, 51, 52, 53, 54, 55, 56, 57, and 58.

22. Any affirmative allegation of the Plaintiff's Complaint or Amended Complaint not specifically admitted herein is denied.

**AFFIRMATIVE DEFENSES**

23. No act or omission of the individual Defendants violated any clearly established rights of the Plaintiff's decedent under the laws or the Constitution of the United States or the Commonwealth of Kentucky, thus, entitling the individual Defendants to qualified and/or absolute immunity.

24. The Defendants, in their official capacities, are subdivisions of the commonwealth of Kentucky and thus entitled to sovereign immunity which is a bar to the Plaintiff's Complaint.

25. The Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions of the Plaintiff or her decedent.

26. At all times relevant hereto, the Defendants, individually, were acting in good faith in performing discretionary functions, thus entitling them to official immunity from suit, in their individual capacity.

27. At all relevant times hereto, the Defendants, were acting in their official capacity in the course and scope of their employment and therefore were acting under privilege to engage in such conduct.

28. The Complaint fails to state a claim against the Defendants upon which relief can be granted.

29. If the Plaintiff has been damaged as alleged, which is specifically denied, the Plaintiff and her decedent, in whole or in part, failed to mitigate damages and, therefore, should be barred from recovery.

30. These Defendants further plead the affirmative defenses of assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, injury by fellow servant, res judicata, statute of frauds, statute of limitations, and waiver.

31. The Plaintiff's claim is barred by the Prison Litigation Reform Act. 42 USCA 1997e.

32. These Defendants reserve the right to plead further herein, and specifically reserve the right to amend this Answer and to assert any and all other affirmative defenses, which facts developed during discovery might reveal to be appropriate.

WHEREFORE, the Defendants demand:

(a) That the Plaintiff's complaint be dismissed and held for naught;

(b) Their cost and attorney fees herein expended;

(c) Trial by jury on all issues so triable; and,

(d) Such other and further relief to which these Defendants may appear entitled.

Respectfully submitted this 26th day of July, 2011.

s/Harold M. Johns
Harold M. Johns
12 Public Square
P.O. Box 746
Elkton, Kentucky 42220
Telephone: 270-265-2912
Facsimile: 270-265-2054
Attorney for Defendants
hmjohns@johnslawfirm.com

        J. Michael Foster
        209 East Fourteenth Street
        Hopkinsville, Kentucky 42241-0024
        Telephone: (270) 887-4114)
        Facsimile: (270) 886-3910
        mfoster@hopkinsville.net
        *Co-Counsel*

## CERTIFICATE OF SERVICE

On the 26th day of July, 2011, the undersigned filed this document through the ECF system, which will send a notice of electronic filing to:

Hon. Steven S. Reed
Hon. Kent Wicker
REED WICKER PLLC
2100 Waterfront Plaza
321 West Main Street
Louisville, Kentucky 40202
Telephone (270) 572-2500
Attorneys for Plaintiff
steve@reedwicker.com
kent@reedwicker.com

        s/Harold M. Johns
        Harold M. Johns