UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| SANDRA JOHNSON,<br>as Administrator of the<br>ESTATE OF RAYMOND L. JOHNSON,<br>deceased,<br><br>          Plaintiff,<br><br>v.<br><br>CHRISTIAN COUNTY FISCAL COURT,<br>and CHRISTIAN COUNTY JAIL, and<br>BRADLEY L. BOYD, in his individual<br>capacity and in his official capacity as<br>Christian County Jailer, and<br>UNKNOWN STAFF MEMBERS OF<br>CHRISTIAN COUNTY JAIL, individually<br>and in their capacities as staff members of<br>the Christian County Jail, and<br>UNKNOWN PHYSICIANS OF CHRISTIAN<br>COUNTY JAIL, individually and in their<br>capacity as staff members of the Christian<br>County Jail<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 5:11CV-102-R<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO STRIKE

Come the Defendants, by and through counsel, and move this Court for an Order striking paragraphs twenty seven (27) through thirty five (35) of the Plaintiff's First Amended Complaint pursuant to the Federal Rules of Evidence 402, 403, and 404(b).

The allegations in paragraphs twenty seven (27) through thirty five (35) allege wrongdoings on the part of the Defendants toward ten (10) other inmates. The Plaintiff is trying to establish liability on behalf of the Defendants based on incidents involving other inmates lodged at the Christian County Jail. Any evidence of the incidents alleged in the above named paragraphs would not involve Raymond Johnson and are merely propensity

1

evidence to show action in conformity therewith.  There will be no permissible use of this evidence at trial.  These allegations are irrelevant and the probative value of these allegations is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, waste of time, and needless presentation of cumulative evidence.  Furthermore, the Defendants in this action will be unduly burdened if these allegations are not struck from the First Amended Complaint because the Defendants will be forced to go through a discovery process with regard to these allegations that will not lead to any probative evidence.  Therefore, the above mentioned allegations should be struck pursuant to the Federal Rules of Evidence 402, 403, and 404(b).

The Defendants respectfully request that the allegations in paragraphs twenty seven (27) through thirty five (35) of the Plaintiff's First Amended Complaint be struck pursuant to the Federal Rules of Evidence 402, 403, and 404(b).

Respectfully submitted this 16th day of August, 2011.

s/Harold M. Johns
Harold M. Johns
12 Public Square
P.O. Box 746
Elkton, Kentucky 42220
Telephone: 270-265-2912
Facsimile: 270-265-2054
Attorney for Defendants
hmjohns@johnslawfirm.com

J. Michael Foster
209 East Fourteenth Street
Hopkinsville, Kentucky 42241-0024
Telephone: (270) 887-4114)
Facsimile: (270) 886-3910
mfoster@hopkinsville.net
*Co-Counsel*

## CERTIFICATE OF SERVICE

On the 16th day of August, 2011, the undersigned filed this document through the

ECF system, which will send a notice of electronic filing to:

Hon. Steven S. Reed
Hon. Kent Wicker
REED WICKER PLLC
2100 Waterfront Plaza
321 West Main Street
Louisville, Kentucky 40202
Telephone (270) 572-2500
Attorneys for Plaintiff
steve@reedwicker.com
kent@reedwicker.com

                                            s/Harold M. Johns
                                            Harold M. Johns