UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-102

SANDRA JOHNSON,
as Administrator of the
ESTATE OF RAYMOND L. JOHNSON                                                  PLAINTIFF

V.

CHRISTIAN COUNTY FISCAL COURT, et al.                                         DEFENDANT

## MEMORANDUM OPINION & ORDER

Defendants have filed a Motion to Strike paragraphs twenty seven through thirty five of Plaintiff's First Amended Complaint (DN 9).  Plaintiff has filed a Response (DN 10). Defendants have filed a Reply (DN 11).  This matter is now ripe for adjudication.  For the following reasons, Defendants' Motion to Strike (DN 9) is DENIED.

### BACKGROUND

Plaintiff's original complaint against Defendants alleges violation of 42 U.S.C. § 1983 and negligence relating to the death of Raymond Johnson while an inmate in the Christian County Jail.  Plaintiff filed her First Amendment Complaint which, in addition to re-alleging the same causes of action as the original complaint, alleges that Raymond Johnson is "one of at least ten inmates who have died in recent years while in custody at Christian County Jail."  Amended Complaint, DN 5, at ¶ 27.  The Amended Complaint goes on to name these other inmates and describe their deaths and/or injuries while in the Christian County Jail.  Defendants seek to have the paragraphs referring to these other inmates and their death or injuries stricken from the Complaint.

### STANDARD

"The court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may use Rule 12(f) to correct the pleadings when the defect "may affect the merits of the litigation or prejudice one of the parties." 5C Wright & Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2009). "One test that has been advanced for determining whether an allegation in a pleading is immaterial and impertinent . . . is whether proof concerning it could be received at trial . . . ." 5C Charles Alan Wright, Arthur R. Miller, Marry Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 1382 (3d ed. 2011). *See, e.g., Tucker v. A & P Food Stores*, 9 F.R.D. 607, 608 (N.D. Ohio 1949); *Winkler-Koch Eng'g Co. v. Universal Oil Prods. Co.*, 79 F. Supp. 1013, 1019 (S.D.N.Y. 1947) (reference to a settlement in the complaint was stricken because of the generally accepted rule preventing admissibility of settlement at trial).

## DISCUSSION

Defendants seek to have the paragraphs referring to the other inmates who died or were injured while inmates in the Christian County Jail stricken from the complaint because it is propensity evidence to show action in conformity therewith in contravention of Federal Rule of Evidence 404(b), is not relevant, is highly prejudicial, and will unduly burden the defendants. Plaintiff asserts that such pleadings of a policy or custom are required to assert a § 1983 claim against a municipality per *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

The Supreme Court, in *Monell*, held that local governments could only be held liable under § 1983 when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. It is not necessary that the "custom" have "received formal approval

through the body's official decisionmaking channels." *Id*. at 690-91.  The Sixth Circuit has held that to satisfy the *Monell* requirement, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dept*., 8 F.3d 358, 364 (6th Cir. 1993)(quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)).  In an action where a plaintiff seeks to establish § 1983 liability of a municipality, the plaintiff must set forth facts showing the existence of the governmental custom or policy.  "[T]he plaintiff must allege a specific pattern or series of incidents supporting a general allegation of a custom or policy. . . ."  *Brown v. Costello*, 905 F.Supp. 65, 74 (D.D. NY. 1995)(quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986)), *aff'd* 101 F. 3d 685 (2nd Cir. 1996).

Here, Plaintiff has included the paragraphs relating to other inmates of the Christian County Jail in the complaint allegedly to show an official policy or custom of "willfully and deliberately ignoring the medical needs of inmates of the Jail."  Plaintiff's Response, DN 10, at 3.  It is possible that the allegations relating to the ten other inmates may support Plaintiff's general allegation of a governmental policy of ignoring medical needs of jail inmates.  The Court shall not strike these allegations at this time.  The admissibility of these alleged incidents could be determined after further discovery and motion practice.  These allegations may or may not be relevant to Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Strike (DN 9) is DENIED.